### ISAAC COOK *vs.* LEVI A. MASON.

A new trial will not be granted because, for the purpose of showing that a conveyance of real estate was fraudulent as against creditors, and after evidence had been introduced to show that the sale was upon credit and without security, and that the grantee was not reputed to be in good circumstances at the time, evidence has also been admitted to prove that he then owed a particular debt which had been long due.

WRIT OF ENTRY. The demandant claimed title by virtue of a levy of an execution against Levi R. Mason upon the premises; and the tenant claimed under a deed of Levi R. Mason to him, executed before the levy. The demandant alleged this deed to be fraudulent as against creditors.

At the trial in the superior court, before *Russell*, J., certain evidence was introduced which is stated in the opinion; and one Spooner was allowed, against the tenant's objection, to testify that "shortly before the date of the deed, the tenant was indebted to him in the sum of about fifty dollars for personal clothing, and had been so indebted for a long time."

The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*C. I. Reed*, for the tenant.

*R. C. Pitman*, for the demandant.

BY THE COURT. The only exception which was not waived at the hearing relates to the admission of the testimony of Spooner.

This testimony does not seem to us to have been of much practical importance; but we cannot so certainly determine that it could have had no possible bearing upon the question at issue, as to feel justified in setting aside the verdict because it was admitted. The demandant, who had levied upon the land as the property of his debtor, the tenant's father, undertook to show that the conveyance by him to the tenant was fraudulent against creditors. Having shown that the conveyance was upon credit, and without security, he offered evidence to show that the tenant's pecuniary condition was not such as would have enabled him to get credit, or have entitled him to it, if the sale

had been in good faith. To establish this, he called witnesses to prove that the tenant's general credit was bad, and that he had previous debts which he could not pay. We cannot say that this was incompetent, though somewhat remote. On a question of fraud, the evidence is usually circumstantial, and some of the circumstances may be trivial, if they stand alone. How far such inquiries shall extend must of necessity be left much to the discretion of the judge presiding at the trial.

*Exceptions overruled.*